UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA EDUCATION FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND, ROAD SPRINKLER FITTERS LOCAL UNION 669 WORK ASSESSMENTS, EXTENDED BENEFIT FUND AND INDUSTRY ADVANCEMENT FUND<br>8000 Corporate Drive<br>Landover, MD  20785, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No.: |
| | ) |
| ALLIED FIRE PROTECTION INC.<br>11 East Fisk Avenue<br>Springfield, MA  01107-1056 | )<br>)<br>) |
| | ) |
| Serve:     David J. Brosseau, President<br>           11 East Fisk Avenue<br>           Springfield, MA  01107-1056 | )<br>)<br>) |
| | ) |
| and | )<br>) |
| DAVID J. BROSSEAU<br>165 Woodbrook Terrace<br>West Springfield, MA  01085 | )<br>)<br>) |
| | ) |
| Serve:     David J. Brosseau<br>           165 Woodbrook Terrace<br>           West Springfield, MA  01085 | )<br>)<br>) |
| | ) |
| and | ) |

**KRISTAN M. BROSSEAU**　　　　　　　　　　　)
**165 Woodbrook Terrace**　　　　　　　　　　　)
**West Springfield, MA  01085**　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
**Serve:**　　**Kristan M. Brosseau**　　　　　　　)
　　　　　　**165 Woodbrook Terrace**　　　　　　)
　　　　　　**West Springfield, MA  01085**　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　**Defendant.**　　　　　　)

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

#### Jurisdiction

1.　　This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

#### Parties

2.　　Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, the International Training Fund and Road Sprinkler Fitters Local Union 669 Work Assessments, Extended Benefit Fund and Industry Advancement Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and

2

Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 (hereinafter referred to as "the union") and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.      Defendant Allied Fire Protection Inc. (hereinafter "Allied") is a corporation existing under the laws of the State of Massachusetts with offices located in Massachusetts. Defendant transacts business in the State of Massachusetts as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

4.      Defendant David J. Brosseau is the President of the Defendant Allied and is a resident of the state of Massachussetts.

5.      Defendant Kristan M. Brosseau is a resident of the state of Massachusetts.

### Jurisdiction

6.      This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement and an action for breach of a Settlement Agreement and Promissory Note.

## COUNT I

7.     Defendant Allied is signatory to a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669 (hereinafter referred to as "the union") requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

8.     Defendant Allied is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

9.     Defendant Allied employed certain employees covered by the Collective Bargaining Agreement during the period of November 2017 through the present.

10.     The Defendant Allied experienced substantial difficulty in making the required benefit contributions owed to the NASI Funds.  In response to these difficulties, the NASI Funds and said Defendant entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents" attached hereto as Exhibit A) allowing for a systematic payment over time of all amounts owed to the NASI Funds.  These settlement documents required, inter alia, the payment of the principal amount of $71,340.47 by said Defendant to the NASI Funds in monthly installment payments over a period of eighteen (18) months.  The settlement documents further provided that the Defendant Allied remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements.  Liquidated damages in the amount of $56,822.77 were waived contingent upon the Defendant Allied making each and every one of the scheduled payments as they became due under this Agreement and contingent upon the Defendant remaining current in its monthly contributions for the duration of the settlement.

11.     Defendants David J. Brosseau and Kristan M. Brosseau (hereinafter collectively

4

referred to as "the personal guarantors") personally executed these settlement documents pursuant to which they committed themselves to act as guarantors for all amounts owed by the Defendant Allied to the NASI Funds inclusive of future monthly contributions owed to the NASI Funds for the duration of the settlement.

12.    The Defendant Allied defaulted on the terms of the settlement documents by failing to pay contributions owed to the NASI Funds for the months of November 2019 through January 2020 and by failing to make any of the monthly settlement payment dues under the terms of the settlement documents.  Pursuant to the terms of the settlement documents, Defendant Allied is in default and the amount of $101,303.61 for contributions and reinstated liquidated damages currently owed under the settlement documents is immediately due and payable to the NASI Funds.

13.    Defendant Allied has failed to make contributions due to Plaintiff Funds on behalf of its employees for the months of November 2019 through January 2020.  In addition, Defendant has failed to submit report forms for these months.  Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

14.    Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

15.     Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of November 2019 through January 2020 is $67,360.79 calculated as follows:

| Month | Welfare | Education | Pension | SIS | ITF | EBP | Work Ass't | Ind Adv |
|-------|---------|-----------|---------|-----|-----|-----|------------|---------|
| Aug. 2019 | $6,212.40 | $294.00 | $4,620.00 | $5,544.00 | $70.00 | $155.00 | $1,707.57 | $328.60 |
| Sept. 2019 | $7,555.08 | $350.28 | $5,504.40 | $6,605.28 | $83.40 | $399.62 | $1,399.62 | $399.62 |
| Oct. 2019 | $8,927.82 | $407.82 | $6,408.60 | $7,690.32 | $97.10 | $222.75 | $1,905.28 | $472.23 |
| **Monthly Average:** | $7,565.10 | $350.70 | $5,511.00 | $6,613.20 | $83.50 | $259.12 | $1,670.82 | $400.15 |

16.     Defendant Allied's contributions owed on behalf of its sprinkler fitter employees for the months November 2019 through January 2020 are late.

17.     Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1)     If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

(2)     An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3)     An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

18.     Pursuant to this provision, Defendant Allied is obligated to Plaintiff Funds in the amount of $10,061.75 in liquidated damages assessed on the late contributions for the months of November 2019 through January 2020, plus interest from the date of delinquency through the date of payment at the rate provided in 29 U.S.C. Section 1132(g), the Trust Agreements and the Guidelines.

19.     Pursuant to the terms of the settlement documents, the Defendants are jointly and severally liable for all amounts owed by the Defendant Allied to the NASI Funds.  Accordingly, the Defendants Allied and the personal guarantors are liable to the NASI Funds for the sum of $177,515.03, plus costs, interest and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendants Allied Fire Protection, Inc., David J. Brosseau and Kristan M. Brosseau, jointly and severally, as follows:

A.      In the amount of $101,303.61 as currently owed under the terms of the settlement documents.

B.      In the amount of $67,360.79 for contributions due for work performed during the months of November 2019 through January 2020, plus costs, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines.

C.      In the amount of $10,061.75 in liquidated damages assessed on the late contributions for the months of November 2019 through January 2020, plus costs, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines.

D.      For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines.

E.   For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682
Attorneys for Plaintiffs

340866_1

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 3rd day of March, 2020 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
> Attention:  Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTENTION:  Assistant Solicitor for
>        Plan Benefits Security

_/s/_
_____
Charles W. Gilligan

340866_1

9